IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>CARMEN J. ALICEA,<br><br>Debtor<br><br>v.<br><br>DITECH FINANCIAL LLC | CHAPTER 13<br><br><br><br>No. 16-12596-AMC<br><br><br><br>11 U.S.C. Section 362 |

### MOTION OF DEBTOR CARMEN J. ALICEA

### TO SET ASIDE SHERRIFF'S SALE, STRIKE DEED AND TO

### REINSTATE THE AUTOMATIC STAY UNDER SECTION 362

1. Movant is Carmen J. Alicea..

2. Williams C. Miller is the Trustee appointed by the Court.

3. Debtor is the owner of the premises 1333 McKinley Street, Philadelphia, PA 19111, hereinafter referred to as the mortgaged premises.

4. On June 29, 2006, Debtor executed a mortgage in the original principal amount of $64,500.00 on the mortgaged premises, which mortgage was recorded January 9, 2015, in the Philadelphia Department of Records on July 18, 2006 as Instrument No. 51487401.

5. On January 7, 2015, the mortgage was subsequent assigned to Movant by written assignment, which was recorded in the Philadelphia Department of Records on January 9, 2015, as Instrument No. 52869424.

6. On June 22, 2015, Movant commenced an action in mortgage foreclosure against Debtor in the Court of Common Pleas of Philadelphia County, entitled *Green Tree Servicing LLC v. Carmen J. Alicea,* as of June Term, 2015, No. 2822.

7. On February 4, 2016, a judgment by default was entered in the mortgage foreclosure action in the amount of $69,059.26, a writ of execution was issued and sheriff's sale of the mortgaged premises was scheduled for April 18, 2016.

8. On April 12, 2016, Debtor filed a Chapter 13 Petition, and the pending sheriff's sale was stayed.

9. On January 20, 2017, Movant filed a Motion for Relief from Stay as a result of the Debtor's failure to make the monthly post-petition mortgage payments.

10. On February 14, 2017, the Court entered an Order granting relief from the automatic stay.

11. On April 24, 2017, a new writ of execution was issued in the mortgage foreclosure proceedings and sheriff's sale of the mortgaged premises scheduled for August 1, 2017. The sale was postponed upon the petition of Debtor until September 12, 2017.

12. On August 25, 2017, Debtor filed a Motion to Reinstate the Automatic Stay and upon the Debtor's Motion for Expedited Hearing, a hearing was scheduled for September 11, 2017.

13. On September 7, 2017, Movant filed a Response to Debtor's Motion.

14. On September 11, 2017, Movant had agreed to allow Debtor to reinstate the automatic stay based upon the representations of Debtor that she had $4,000 in hand to pay towards the post-petition arrears and would cure any remaining balance by including the same in an amended plan.

15. Also on September 11, 2017, Movant directed the Sheriff of Philadelphia County to postpone the pending sheriff's sale until October 3, 2017, and the hearing on Debtor's Motion to Reinstate the Stay was continued until September 25, 2017.

16. On September 25, 2017, the Court dismissed the Debtor's Motion to Reinstate the Automatic Stay for lack of prosecution as Debtor was not proceeding due to the Motion having been settled.

17. While Movant was obtaining the exact amount of post-petition arrears for the purpose of preparing a stipulation of settlement reinstating the automatic stay, the mortgaged premises was sold at the October 3, 2017 sheriff's sale for the sum of $68,000 to Rafael Saldivar.

18. On October 27, 2017, the Sheriff of Philadelphia County executed and delivered a Sheriff's Deed to the purchaser, which Deed was subsequently recorded with the Philadelphia Department of Records on November 7, 2017, as Instrument No. 53288409. A true and correct copy of the Deed is attached hereto as Exhibit "A".

19. Debtor was advised by the purchaser at the sheriff's sale, Rafael Saldivar, that the mortgaged premises was sold at the sale.

20. Because the parties had previously agreed to reinstate the automatic stay prior to the sheriff's sale, proper cause exists to set aside the sheriff's sale and reinstate the automatic stay.

21. Pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure, "[u]pon petition of any party in interest before delivery of the personal property or the sheriff's deed to real

property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." Pa.R.C.P. 3132.

22. A sheriff's sale may be set aside after delivery of the sheriff's deed based upon fraud or lack of authority to make the sale. *Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d 77 (Pa.Super. 2009).

23. Rule 3135 of the Pennsylvania Rules of Civil Procedure provides that "the sheriff, at the expiration of twenty days but not no later than 40 days after either the filing of the schedule of distribution or the execution sale if no schedule of distribution need be filed, shall execute and acknowledge before the prothonotary a deed to the property sold." Pa.R.C.P. 3235.

24. Rule 3136(a) of the Pennsylvania Rules of Civil Procedure provides that "[n]ot later than thirty days after the sale of real property and not later than five days after the sale of personal property, the sheriff shall prepare a schedule of proposed distribution of the proceeds of sale which shall be filed in the prothonotary's office", and Rule 3136(d) then provides that "[t]he sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution unless written exceptions are filed with the sheriff not later than ten (10) days after the filing of the proposed schedule." Pa.R.C.P. 3136.

25. In this case, the Sheriff of Philadelphia County failed to prepare and file a schedule of distribution in accordance with Pa.R.C.P. 3136, failed to allow ten days for the filing of exceptions thereto, before executing and delivering the sheriff's deed.

26. In this case, the Sheriff of Philadelphia failed to follow the required procedural rules of civil procedure prior to executing the sheriff's deed to the mortgaged premises, thus rendering the deed invalid, and thereby providing additional grounds for setting aside the sale.

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order setting aside the sheriff's sale of the Debtor's property, striking the recorded sheriff's deed and reinstating the automatic stay.

Respectfully submitted,

*/s/ David M. Offen*
David M. Offen, Esquire
*Attorney for Debtor*
601 Walnut Street
Suite 160 West
Philadelphia PA 19106
215-625-9600