United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 16-12596-amc
Carmen J. Alicea                                                          Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

| | | | |
|---|---|---|---|
| District/off: 0313-2 | User: Antoinett | Page 1 of 1 | Date Rcvd: Dec 20, 2017 |
| | Form ID: pdf900 | Total Noticed: 1 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 22, 2017.
db            +Carmen J. Alicea,    1333 McKinley Street,    Philadelphia, PA 19111-5819

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                         TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 22, 2017                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 20, 2017 at the address(es) listed below:
      BRIAN CRAIG NICHOLAS    on behalf of Creditor    Ditech Financial LLC bnicholas@kmllawgroup.com,
       bkgroup@kmllawgroup.com
      DAVID M. OFFEN    on behalf of Debtor Carmen J. Alicea dmo160west@gmail.com,
       davidoffenecf@gmail.com
      DENISE ELIZABETH CARLON    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
      MATTHEW B. WEISBERG    on behalf of Creditor Rafael  Sandivar mweisberg@weisberglawoffices.com
      THOMAS I. PULEO    on behalf of Creditor    Ditech Financial LLC tpuleo@kmllawgroup.com,
       bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                               TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>CARMEN J. ALICEA,<br>                    Movant<br><br>v.<br><br>DITECH FINANCIAL LLC, | CHAPTER 13<br><br>No. 16-12596-AMC<br><br>11 U.S.C. Section 362 |

## ORDER

AND NOW, this 19th day of Dec., 2017, upon consideration of the Motion of the Debtor, Carmen J. Alicea, to Reinstate the Automatic Stay and Set Aside the Sheriff's Sale of the Debtor's Property, and the responses of the parties thereto, it is hereby ORDERED and DECREED, as follows: *the Motion is denied for the reasons stated in open Court*

1. The Automatic Stay provided in Section 362(a) of the Bankruptcy Code is reinstated.

2. The Sheriff's Sale of Debtor's real property situate at 1333 McKinley Street, Philadelphia, PA 19111, held on October 3, 2017, is hereby SET ASIDE.

3. The Sheriff's Deed to the subject property recorded November 7, 2017 as Document ID No. 53288409, shall be STRICKEN.

4. Any and all funds paid on account by the purchaser at the Sheriff's Sale may be refunded to the purchaser, and the parties may seek to recover any recording fees and transfer taxes paid in connection with the execution and recording of the Sheriff's Deed.

5. The parties may stake such other actions in state court as may be necessary in give effect to this Order in setting aside of the Sheriff's Sale, striking the Sheriff's Deed, or seeking

reimbursement of fees and costs associated therewith, without seeking further relief from the automatic stay.

      6. A copy of this Order shall be recorded in the City of Philadelphia Department of Records.

ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE